### *In re* ONE HUNDRED AND EIGHTY-FIRST STREET.

### *In re* FITZGERALD.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

EMINENT DOMAIN—OPENING AWARD OF COMMISSIONERS—STIPULATIONS.

A nominal award was made by commissioners, in a street-opening proceeding, to unknown owners. Afterwards an owner, who had not appeared before the com-

missioners, was by mistake allowed to come in and show that she was entitled to a substantial award, on condition that she should claim only the value of the land as it existed at the time of the original assessment, so that the burden of the subsequent increase in value of the lands would not be imposed on the assessed property owners because of her mistake, to which condition she assented. *Held,* that she was thereby estopped from claiming interest on the award subsequently made to her.

Appeal from special term, New York county.

Proceedings to open 181st street between Tenth and Eleventh avenues in the city of New York. From an order confirming the report of commissioners of estimate and assessment, Martha J. Fitzgerald appeals. Affirmed. For former reports, see 12 N. Y. Supp. 345, and 17 N. Y. Supp. 917.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Peter B. Olney,* for appellant. *Deming & Logan,* for respondents Charles Chesbrough and Henry Trowbridge. *Chas. D. Ingersoll,* for respondents United States Loan Commissioners. *William H. Clark,* (*John P. Dunn,* of counsel,) for the corporation.

VAN BRUNT, P. J. In April, 1884, the corporation counsel gave notice of a motion for the appointment of commissioners of estimate and assessment in this proceeding. In May such commissioners were appointed. In July, 1888, the commissioners made and filed their report, and, no objection being made thereto, in December, 1888, the same was confirmed at a special term of the supreme court. In and by said report the commissioners' awarded for the lands within the line of the street to unknown owners four dollars, and assessed said award and costs upon the adjacent property. In January, 1890, the appellant, Fitzgerald, gave notice of a motion for the opening of said report and order of confirmation upon the ground of mistake on her part in not appearing before the commissioners, and that the commissioners be required to make for the land owned by her a substantial award. This application was opposed upon the part of some of the property owners, but was granted on the 23d of April, 1890. An appeal was taken by said property holders to the general term, and the general term affirmed the order on condition that Mrs. Fitzgerald would stipulate to claim only the value of the land as it existed at the time of the original assessment. The reason for thus restricting the appellant's claim, as appears by the opinion of the general term, was because of the claim made upon the part of the property owners who would be assessed for the land taken, that the granting of the relief desired to Fitzgerald would operate as an injustice to them, in that the property taken for the improvement since the original proceedings were commenced and the appraisals made had increased in value, and for such increase an assessment would be levied upon them which they would not have been required to pay had the mistake not occurred. This position the court thought well taken, and accordingly, as a condition of granting the relief, and in order to avoid all question of the power of the court to modify the order in the manner suggested, and to restrict the claim of the appellant to the value of the land at the time of the original assessment, compelled her to stipulate that she would claim before the commissioners only the value of the land as it existed at the time of the original assessment, and not its value at the present time; and, the appellant having given said stipulation, the order, as modified by such stipulation, was affirmed, without costs. An appeal was taken from the order of the general term to the court of appeals, which was affirmed in April, 1891. 27 N. E. Rep. 852, *mem.* In June, 1890, notice of hearing before the commissioners was given by the corporation counsel, and several meetings were subsequently had, extending to the 30th of January, 1891, at several of which testimony was taken as to the value of the land owned by the appellant, Fitzgerald. It was claimed before the commissioners that Mrs. Fitzgerald was not only en-

titled to her award for the value of the land as it existed at the time of the original assessment, but to interest upon the same. This claim was rejected by the commissioners, and they made an award to the appellant for the value of the land as of the time of the original assessment, and made their report accordingly. Upon the motion to confirm the report, objection was made by the appellant because of the failure to allow interest; but, notwithstanding such objection, the report was confirmed, and from the order of confirmation this appeal is taken. It was not the intention of the general term, in opening the proceedings and allowing the appellant to present her claim to the commissioners, that she should recover anything more than she would have recovered had she presented her original claim. It was deemed by the court that this was the only just disposition to be made of the proceedings, and they, therefore, as the condition of granting the favor of allowing her to go before the commissioners, required that she should be required to stipulate to claim only the value of the land as of the time of the original assessment. This was all that the parties who were liable to be assessed therefor should in equity be called upon to pay. This was clearly equitable, and the appellant accepted the condition, and made the stipulation. If she was dissatisfied with its terms, she need not have accepted the same. The claim now presented, that interest upon this award should be allowed, certainly is not in harmony either with the stipulation or the order of the court; and it certainly was not intended by the court that any such recovery should be had, even if it was possible that it might be had. It is certain that the adjacent property owners should not be involuntarily mulcted in the amount of the interest upon this award, and there is no other source from which it could have been collected, and it was for the purpose of preventing an injustice of this kind that the court required the stipulation upon the part of the appellant as a condition of granting the relief. We think, therefore, that the order should be affirmed, with costs.